Dear Mr. Wilkinson:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment of travel expenses for the Board of Commissioners for the Atchafalaya Basin Levee District. You indicate the Atchafalaya Basin Levee District covers eleven parishes with the domicile located in Port Allen. When commissioners are traveling outside their domicile to a board, committee or other local meeting and not necessarily within the district they follow the travel regulations of the Division of Administration, whereas when traveling to meetings with other local, state, and federal officials, both formal as conventions and seminars and informal as permitting and levees inspections, they follow R.S. 38:310. You ask the following questions:
1) Which law prevails;
2) Can the levee district choose the statute to follow;
 3) Can the levee district apply the statute they feel most appropriate for their particular circumstance;
 4) Does the fact that we are a political subdivision and not a state agency under the Executive Branch have any bearing on the question;
 5) Does the fact that we receive no state funds have any effect on which statute to follow; and
 6) Is there a difference in which statute applies to "members" of the Board and "executives".
R.S. 38:308, formerly R.S. 38:286, provides in part as follows:
 * * * Any board of commissioners of any levee district and levee and drainage district in this State may by a vote of two thirds of the total membership of the board fix the per diem of its members; however, the per diem of each member shall not exceed $75 per day * * *. Each member shall be reimbursed for travel expenses in accordance with state travel regulations as prescribed by the Division of Administration.
R.S. 38:310, formerly R.S. 38:284 provides as follows:
 The levee boards may defray the actual, properly documented expenses of their members and executives when traveling as delegates to conventions and meetings held in relation to flood relief and control. The levee boards may pay dues in associations or conventions related to flood relief and control.
This office found in Atty. Gen. Op. No. 83-640 that R.S. 38:286, now R.S. 38:308, was a general statute pertaining to levee districts and allows board members of a levee district to be reimbursed for on-the-road meals "if they comply with the state travel regulations of the Division of Administration."
We must conclude that recovery of actual expenses of members and executives of the levee boards is only applicable when traveling "to conventions and meetings held in relation to flood relief and control" and "meetings" must be interpreted in the same sense as a convention for information, and not meetings to carry on the duties of the board. We find support for this conclusion when the statute is read as a whole. We note that the portion relative to expenses is followed by the authorization for payment of dues for associations or conventions, and it is especially significant that Act 291 of 1926 from which the statute comes provided in the title it was to authorize the levee boards throughout the state to defray the expenses of members and executives "when traveling as delegates" to conventions and meetings, and for payment of dues of such boards and associations or conventions "in relation thereto". Additionally, the title of the statute is "Expenses of levee board members as delegates to flood relief conventions; dues". Consequently, the payment of dues is in reference to the term "delegate". As observed in Atty. Gen. Op. 1958-60, pg. 262, under the statute there is payment of the expenses "assuming that such members who attend are so designated as delegates", and it was concluded there was no limit on the number of days to be paid at a convention.
Therefore, we find the provisions of R.S. 38:310 for actual expenses is applicable to "delegates" for what you refer to as formal meetings, conventions and seminars, and in all other instances R.S. 38:308 prevails. The levee district cannot choose which statute to follow or what they feel most appropriate, but must restrict R.S. 38:310 to conventions and seminars for delegates.
R.S. 38:308 is applicable to "any" board or commissioner of any levee district in this state requiring reimbursement in accordance with state travel regulations as prescribed by the Division of Administration, and the fact you are designated a political subdivision and receive no state funds makes no exception to this statutory mandate.
In answer to your final question if there is a difference in which statute applies to "member" and "executives", you recognize R.S. 38:310 is for actual expenses for attendance of delegates at formal meetings whether members or executives, whereas R.S.38:308 does not mention executives. However, the executives of the Board of Commissioners are allowed travel expense by the same Division of Administration regulation referred to in R.S. 38:308
which applies to members of state departments, boards and commissions created by the legislature and any staff.
We hope this sufficiently answers your request, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR